# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>SEVAN AMINTOBIA,<br><br>         Defendant. | Case No.: 18cr3830 JM<br><br>**ORDER ON MOTION IN LIMINE** |

  Presently before the court is the United States of America's Motion *In Limine* to Admit Foreign Official Documents from Germany. (Doc. No. 34.) A hearing on the motion was held on October 7, 2019.

  Mr. Amintobia is charged with attempting to unlawfully procure citizenship or naturalization in violation of Title 18, U.S.C. § 1425 (Count 1) and making false statements on an N-400 in violation of Title 18, U.S.C. § 1546 (Count 2). (Doc. No. 16.)

  The Government seeks to admit documents it received from Germany pursuant to the Mutual Assistance in Criminal Matters Treaty (MLAT) between Germany and the United States, asserting that the documents are non-hearsay public records and as self-authenticating foreign public records under Federal Rules of Evidence 803(8) and 902(3). (Doc. No. 34). The attestation accompanying the German documents is signed by Tomas Orschitt, a senior prosecutor, of the Freiburg Municipal Court who attests that he is

1

"authorized to certify under the laws of Federal Republic of Germany that the enclosed official documents…are originals or identical copies of official documents… deposited with the Freiburg Municipal Administration, Office for Immigration and Integration, Berliner Allee 1, 79114 Freiburg." (Doc. No. 34-3 at 1.) This attestation comports with the form attestation in the MLAT. (Doc. No. 34-2 at 5.)

Defendant opposes the motion, objecting on the ground that the documents have not been properly authenticated as required by Federal Rule of Evidence 902(3) because the government has not demonstrated that either Mr. Orschitt or the Freiburg Municipal Court is a "competent agency" who may assist the U.S. in providing documents. (Doc. No. 35- 2.) The Government filed a Reply to the Opposition. (Doc. No. 38.)

Authenticated foreign documents are admissible through a combination of Federal Rules of Evidence 803(8) and 902(3). Rule 803(8) provides an exception to the hearsay rule for "a record or statement of a public office" if it sets out "the office's activities," and the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness. FED. R. EVID. 803(8).

Federal Rule of Evidence 902(3) provides that a foreign public document is self-authenticating when it "purports to be signed or attested by a person who is authorized by a foreign country's law to do so. The document must be accompanied by a final certification that certifies the genuineness of the signature and official position of the signer or attester – or of any foreign official whose certificate of genuineness relates to the signature or attestation or is in a chain of certificates of genuineness relating to the signature or attestation." FED. R. EVID. 902(3). Further, the Rule provides: "If all parties have been given a reasonable opportunity to investigate the document's authenticity and accuracy, the court may, for good cause, either: (A) order that it be treated as presumptively authentic without final certification; or (B) allow it to be evidenced by an attested summary with or without final certification." FED. R. EVID. 902(3)(A)-(B).

Federal Rule of Civil Procedure 44(a)(2)(A)(ii) evidences a foreign official record that is admissible if the record or copy "is attested by an authorized person and is

accompanied either by final certification or by a certification under a treaty or convention to which the United States and the country where the record is located are parties." Further, it provides if reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of the attested documents, the court may, for good cause shown, (i) admit an attested copy without final certification…" FED. R. CIV. P. 44(a)(2)(A)(ii).

The explanation provided by the Government in its reply negates Defendant's objections to the admittance of the documents. The MLAT enumerates the competent German authorities that may initiate and execute treaty requests from the United States. The "Amtsgerichte" which translates to local courts, appears on the list. *See* Doc. No. 38 at 22, Exhibit C, "the Appendix." The Amtsgerichte Freiburg as a Local Court is, therefore, an appropriate German authority under the MLAT. Mr. Orschitt was summoned by a judge of the Amtsgerichte Freiburg to certify the documents under German law, and the attestation Mr. Orschitt provided comports with the MLAT requirements and conforms with the Rule 44(a)(2) and the first requirement of Rule 902(3). *See U.S. v. Perlmuter*, 693 F.2d 1290, 1293 (9th Cir. 1982) ("The trial court is correct in its determination that the first requirement of 902(3) was not met, that requirement is that the document be executed or attested by a person who is acting in an official capacity and who is authorized by the laws of that country to make the attestation or execution."). Therefore, the court finds the authenticated German documents to be admissible under Federal Rule of Evidence 902(3) and Federal Rule of Civil Procedure 44(a)(2).

Moreover, the court exercises its discretion and admits the documents under the "good cause" exception to Rule 902(3). Nothing suggests inappropriate behavior on the Government's part in attempting to procure the documents and defense counsel has been aware of the existence of these documents for quite some time. *See U.S. v. Pacheco-Lovio*, 463 F.2d 232 (9th Cir. 1972) (upholding the discretion of the trial judge to admit, under Rule 44(a)(2), a copy of a Mexican birth certificate, even though the final certification of which had come from an immigration officer not a State Department employee as required by the Rule).

In accordance with the foregoing, and as set forth on the record at the hearing, the court grants the Government's motion *in limine*.

IT IS SO ORDERED.

Dated: October 10, 2019

_____
Hon. Jeffrey T. Miller
United States District Judge